1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA RECHETNICOU,

               Plaintiff,

    v.

DEYVERSSON M CAMPOS DE
OLIVEIRA,

               Defendant.

CASE NO. C22-597 MJP

ORDER TO SHOW CAUSE

      The Court issues this Order to Show Cause <u>sua sponte</u> after reviewing Plaintiff's Complaint and Request for Injunction. (Dkt. No. 1.) The Court ORDERS Plaintiff to show cause as to whether the Court has subject matter jurisdiction over this case.

      This Court is a court of limited jurisdiction. To properly bring claims before this Court, the plaintiff must identify a basis for the Court's subject matter jurisdiction. Here Plaintiff asserts that the Court has diversity jurisdiction over this matter, per 28 U.S.C. § 1332. (Dkt. No. 1 at 2.) The Court reviews the legal standard for diversity jurisdiction to help explain its conclusion that Plaintiff's complaint does not demonstrate diversity jurisdiction.

Diversity jurisdiction requires there to be complete diversity of citizenship between the named parties and that the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is determined by the amount of damages or the value of the property that is the subject of the action. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977).

Plaintiff's pro se complaint appears to assert a breach of contract and negligence claim against Defendant. (Dkt. No. 1.) Plaintiff alleges that the parties are citizens of different states and that the amount in controversy exceeds $75,000. (Id. at 3.) Plaintiff alleges that the amount in controversy "comprises the full value of the business co-owned between Plaintiff and Defendant, HEROI DO CHURRASCO LLC," which had starting capital of $100,000. (Id.) She also alleges that she and Defendant jointly own an LLC that operates or seeks to operate a restaurant and bar in Kirkland. (Id. at 3-4.) Plaintiff alleges that Defendant caused lost profits to the LLC by wrongfully withholding his signature on a liquor permit that is necessary for their business operate a bar. (Id.) Plaintiff seeks an order compelling Defendant to cooperate in the "necessary measures and proceedings needed for the jount [sic] business' bar inauguration, and to provide the documents the [C]ity of Kirkland requires in order to issue the liquor sales permit." (Id. at 4.) Plaintiff alleges that the business leased a new space in December 2021 and she applied for a liquor license at some unidentified point after that. (Id. at 6.) Although she may have obtained a permit, she claims that Defendant's refusal to sign the application led the City to cancel the permit. (Id.) Plaintiff alleges that in April 2022 she filed a new permit application but Defendant's refusal to cooperate threatens the permit approval. (Id.) Plaintiff claims that the lack of a liquor license is "causing losses amounting to approximately $5,000 per week," but she does not identify the number of weeks that such losses have been incurred. (Id. at 3.) Plaintiff also

claims that Defendant improperly withdrew $1,000 from the LLC's bank account without her consent. (Id. at 4-5.) Plaintiff alleges that these acts violate the verbal agreement between the parties as to how the LLC the jointly own was to operate. She seeks $20,000 in emotional damages, $30,000 for lost profits, and $20,000 through the forced sale of Defendant's ownership share of the LLC. (Id. at 9.) She also demands the Court impose a $50,000 daily penalty on Defendant, though she fails to identify any legal basis for the request. (Id.)

Having considered the allegations in the Complaint, the Court finds the allegations of citizenship sufficient to show complete diversity, but that the alleged amounts in controversy to fall below the necessary threshold. First, Plaintiff has not demonstrated that she has personally suffered any financial losses from the actions she alleges Defendant has taken. Rather, she identifies lost profits to the LLC caused by Defendant's alleged failure to sign a liquor permit application and Defendant's withdrawal of funds from the LLC. But the LLC is not a party to this case, and Plaintiff has not set forth any basis on which to conclude that lost profits to the LLC or withdrawal of the LLC's funds is a personal loss. The lost profits and withdrawn funds cannot be included in the calculation of the amount in controversy to meet the $75,000 threshold. Plaintiff's complaint also fails to explain why Defendant's alleged misconduct has caused the LLC to lose all of its value or how that loss is personal. As such, the full value of the business cannot be used to calculate the amount in controversy. In sum, Plaintiff has shown no personal damages that might satisfy the amount in controversy. Second, as a pro se plaintiff, Plaintiff cannot represent the LLC or its interests. See Local Civil Rule 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). Third, even if the lost profits have caused her a personal injury, Plaintiff has not provided sufficient information to verify the adequacy of the alleged $30,000 in lost profits. Plaintiff alleges that the LLC has lost $5,000

each week Defendant has wrongly withheld his signature from the permit application. But she fails to identify the date by which she should reasonably have obtained the liquor permit, but for Defendant's alleged misconduct. This undermines the claimed $30,000 in lost profits. Fourth, the Court finds no basis alleged that would require or permit the Court to force Defendant to sell his share of the LLC. Similarly, the Court finds no basis to include the $50,000 "daily penalty" Plaintiff demands, as she has not identified any valid basis for such a penalty. As such, the Court cannot properly include these amounts in determining the amount in controversy even if they were personally suffered by Plaintiff. Lastly, even if the Court accepted all of the claimed damages as personal, they do not exceed $75,000. Rather, Plaintiff identifies $1,000 in withdrawn funds, $20,000 in emotional damages, $30,000 in lost profits, and $20,000 in the sale of Defendant's interest in the LLC, which totals only $71,000. These amounts fail to satisfy the amount in controversy.

The Court therefore ORDERS Plaintiff to SHOW CAUSE why the amount in controversy exceeds $75,000. Plaintiff must file a response within 14 days of entry of this Order. The response may not exceed 6 pages. Alternatively, Plaintiff may file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). The response or amended complaint must explain why the case involves personal damages exceeding the $75,000 threshold. Plaintiff must demonstrate that the amount is calculated from damages she has personally suffered, not damages to the LLC. Failure to make that showing will result in dismissal of this action for lack of subject matter jurisdiction.

\\

\\

The clerk is ordered to provide copies of this order to all counsel.

Dated May 10, 2022.

Marsha J. Pechman
United States Senior District Judge

ORDER TO SHOW CAUSE - 5