UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA RECHETNICOU,<br><br>                     Plaintiff,<br><br>     v.<br><br>DEYVERSSON M CAMPOS DE OLIVEIRA,<br><br>                     Defendant. | CASE NO. C22-597 MJP<br><br>ORDER OF DISMISSAL |

The Court issues this Order of Dismissal after reviewing Plaintiff's Complaint and affording Plaintiff an opportunity to respond to the Court's Order to Show Cause (Dkt. No. 3), which required her to demonstrate why the Court has subject matter jurisdiction over this action. The Court also afforded Plaintiff additional time to respond to the Order after the Court received notice that Plaintiff provided an incorrect mailing address with the Complaint and the Court located a valid mailing address. (Dkt. No. 6.) Plaintiff's response was due by June 6, 2022, but she has filed nothing as of the date of this Order. (Id.)

## ANALYSIS

**A.      Legal Standard**

Because this is a Court of limited jurisdiction, Plaintiff's Complaint must identify a basis for the Court's subject matter jurisdiction. Plaintiff's Complaint invokes diversity jurisdiction as the basis for the Court's subjection matter jurisdiction. (Dkt. No. 1 at 2); 28 U.S.C. § 1332. Diversity jurisdiction requires there to be complete diversity of citizenship between the named parties and that the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is determined by the amount of damages or the value of the property that is the subject of the action. Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977).

**B.      The Complaint's Allegations**

The Court first reviews Plaintiff's allegations in the Complaint and then assesses whether they satisfy the requirements of diversity jurisdiction.

Plaintiff's Complaint appears to assert breach of contract and negligence claims against Defendant. (Dkt. No. 1.) Plaintiff alleges that the parties are citizens of different states and that the amount in controversy exceeds $75,000. (Id. at 3.) Plaintiff alleges that the amount in controversy "comprises the full value of the business co-owned between Plaintiff and Defendant, HEROI DO CHURRASCO LLC," which had starting capital of $100,000. (Id.) She also alleges that she and Defendant jointly own an LLC that operates or seeks to operate a restaurant and bar in Kirkland. (Id. at 3-4.) Plaintiff alleges that Defendant caused the LLC to lose profits by wrongfully withholding his signature on a liquor permit that is necessary for their business operate a bar. (Id.) Plaintiff seeks an order compelling Defendant to cooperate in the "necessary measures and proceedings needed for the jount [sic] business' bar inauguration, and to provide

1 | the documents the [C]ity of Kirkland requires in order to issue the liquor sales permit." (Id. at 4.)
2 | Plaintiff alleges that the business leased a new space in December 2021 and she applied for a
3 | liquor license at some unidentified point after that. (Id. at 6.) Although she may have obtained a
4 | permit, she claims that Defendant's refusal to sign the application led the City to cancel the
5 | permit. (Id.) Plaintiff alleges that in April 2022 she filed a new permit application but
6 | Defendant's refusal to cooperate threatens the permit approval. (Id.) Plaintiff claims that the lack
7 | of a liquor license is "causing losses amounting to approximately $5,000 per week," but she does
8 | not identify the number of weeks that such losses have been incurred. (Id. at 3.) Plaintiff also
9 | claims that Defendant improperly withdrew $1,000 from the LLC's bank account without her
10 | consent. (Id. at 4-5.) Plaintiff alleges that these acts violate the verbal agreement between the
11 | parties as to how the LLC they jointly own was to operate. She seeks $20,000 in emotional
12 | damages, $30,000 for lost profits, and $20,000 through the forced sale of Defendant's ownership
13 | share of the LLC. (Id. at 9.) She also demands the Court impose a $50,000 daily penalty on
14 | Defendant, though she fails to identify any legal basis for the request. (Id.)

**C.      Jurisdictional Analysis**

Considering the Complaint's allegations, the Court finds a lack of diversity of jurisdiction. The Court is satisfied that there is complete diversity of citizenship as between Plaintiff and Defendant. But the alleged amount in controversy falls below the necessary $75,000 threshold.

First, Plaintiff has not demonstrated that she has personally suffered any financial losses from Defendant's actions or inactions. She alleges that Defendant has caused the LLC to lose profits by failing to sign a liquor permit application and by withdrawing funds from the LLC. But the LLC is not a party to this case, and Plaintiff, as a pro se party, cannot represent its

interests. See Local Civil Rule 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel.") And Plaintiff has not explained how the LLC's lost profits or Defendant's withdrawal of the LLC's funds caused Plaintiff to suffer a personal loss. These amounts cannot be included in the calculation of the amount in controversy to meet the $75,000 threshold. Plaintiff's Complaint also fails to explain why Defendant's alleged misconduct has caused the LLC to lose all of its value or how that loss is personal to Plaintiff. As such, the full value of the business cannot be used to calculate the amount in controversy.

Second, even if the Court were to consider the LLC's lost profits to be an injury personal to Plaintiff, Plaintiff has not provided sufficient information to verify the claimed $30,000 in lost profits. Plaintiff alleges that the LLC has lost $5,000 each week that Defendant has wrongly withheld his signature from the permit application. But she fails to identify the date by which Defendant should have signed the application or when the LLC should reasonably have obtained the liquor permit had Defendant signed the application. This undermines the claimed $30,000 in lost profits.

Third, Plaintiff has not provided any legal basis that would support her request to force Defendant to sell his share of the LLC or that the value of his share in the LLC can be considered part of the amount in controversy for purposes of determining subject matter jurisdiction. Similarly, the Court finds no basis to include the $50,000 "daily penalty" Plaintiff demands, as she has not identified any legal basis for such a penalty. The Court cannot properly include these amounts in determining the amount in controversy even if the Court were to find they were personally suffered by Plaintiff.

Lastly, even if the Court were to assume that the Complaint's claimed damages were personally suffered by Plaintiff, they do not exceed $75,000. Plaintiff identifies $1,000 in

withdrawn funds, $20,000 in emotional damages, $30,000 in lost profits, and $20,000 in the sale of Defendant's interest in the LLC. This totals only $71,000, which cannot satisfy the amount in controversy.

The Court finds that the Complaint fails to contain sufficient allegations to satisfy diversity jurisdiction and that there is no other apparent basis for subject matter jurisdiction over this matter.

## CONCLUSION

As the Court explained in the Order to Show Cause, Plaintiff need to demonstrate the basis for diversity jurisdiction or the Court would dismiss the action for lack of subject matter jurisdiction. (Dkt. No. 3 at 4.) Plaintiff has failed to respond to the Order and the Court remains convinced that the Complaint fails to demonstrate that the Court has subject matter jurisdiction over this action. The Court therefore DISMISSES this action without prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated June 15, 2022.

Marsha J. Pechman
United States Senior District Judge